SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
AHMED ("ANDY") R. JINNAH (Bar No. 297907)
andy.jinnah@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California. 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9224

ANDREW T. SOLOMON (*admitted pro hac vice*)
asolomon@solomoncramer.com
SOLOMON & CRAMER LLP
1441 Broadway, Suite 6026
New York, New York 10018
Telephone: (212) 884-9102
Facsimile: (516) 368-3896

Attorneys for Plaintiff Matthew Pliskin,
as Trustee of the ICPW Nevada Trust

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

| | |
|---|---|
| MATTHEW PLISKIN, AS TRUSTEE OF THE ICPW NEVADA TRUST<br><br>Plaintiff,<br><br>-against-<br><br>ROBERT GOLDSTEIN and DRG STRATEGIC, LLC d/b/a/ MERIDIAN GLOBAL,<br><br>Defendants. | Case. No.: 2:18-cv-09491-FMO(ASx)<br><br>**RESPONSE TO (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL RE: LACK OF PROSECUTION** |

Plaintiff Matthew Pliskin, in his capacity as Trustee of the ICPW Nevada Trust ("Plaintiff" or the "Trust"), respectfully submits this Response to the Court's (In Chambers) *Order to Show Cause Re: Dismissal Re: Lack of Prosecution*, dated January 8, 2019, ECF No. 12 (the "Order to

1

Show Cause"). Because the Trust has been diligent in pursuing this matter and any apparent delay or inaction on the part of the Trust has been due solely to the Trust's good-faith attempt to accommodate the Defendants, the matter should not be dismissed for lack of prosecution.

### Response

On November 8, 2018, the Trust filed a Complaint in this Court against Defendants Robert Goldstein and DRG Strategic, LLC,[1] alleging that the Defendants aided and abetted certain faithless officers of the Trust's predecessor entity, Ironclad Performance Wear Corporation, in the faithless officers' breaches of their fiduciary duties to the company, and that the Defendants were unjustly enriched thereby. ECF No. 1.

On November 9, 2018, the Clerk issued a Summons, ECF No. 6, and the Trust timely served the Defendants with copies of the Summons and Complaint in accordance with F.R.C.P. 4 on November 26, 2018, ECF No. 9. The Defendants were required to respond by December 17, 2018.

On December 5, 2018, Plaintiff's counsel emailed courtesy copies of the Summons and Complaint to Defendants' last known attorney of record. The attorney replied that he did not at that time represent either Mr. Goldstein or DRG Strategic, LLC.  Decl. of Nathan B. Roberts ("Roberts Decl."), filed herewith, ¶ 3.

On December 6, 2018, Plaintiff's counsel emailed courtesy copies of the Summons and Complaint to Defendant Robert Goldstein at his last known email address.  Plaintiff's counsel requested that further correspondence come from Defendants' attorney.  Roberts Decl. ¶ 4.

On December 15, 2018, Defendant Goldstein sent an email to Plaintiff's counsel using the same email address to which Plaintiff's counsel sent the Summons and Complaint nine days earlier. In his email, Mr. Goldstein told Plaintiff's counsel that he had the Summons and Complaint "in hand" after returning from an overseas business trip, but that he had not retained counsel and that he needed more time.  Plaintiff's counsel told Mr. Goldstein that the due date to respond was very soon[2]

---

[1] Defendant DRG Strategic, LLC is a Texas limited liability company comprised of two members, one of whom is Defendant Robert Goldstein.

[2] Plaintiff's counsel mistakenly told Mr. Goldstein that the due date for Defendants' response was December 18, 2018, rather than December 17, 2018.  Plaintiff's counsel later corrected the mistake in

but that the Trust would agree to stipulate to a 30-day extension if he would agree not to contest service of process.  Mr. Goldstein told Plaintiff's counsel that he would reply after he had retained counsel. Roberts Decl. ¶ 5.

On December 20, 2018, Plaintiff's counsel followed up by email with Mr. Goldstein to ask if he had retained an attorney. Plaintiff's counsel indicated that the Trust remained willing to grant the Defendants a reasonable extension of time, but that "it is necessary that we promptly come to an agreement in writing that can be filed with the Court." Mr. Goldstein replied, asserting incorrectly that the Trust had already granted him an extension and promising that "you will hear from someone representing me soon, barring unforeseen circumstances." Plaintiff's counsel wrote back to make it clear to Mr. Goldstein that the parties had not yet reached an agreement regarding any extension, which "should be committed to a formal stipulation and filed with the Court, so the Court knows what is going on." Plaintiff's counsel asked Mr. Goldstein when he believed he would have an attorney. Mr. Goldstein stated in response that he had already met with an attorney to discuss the matter and "to expect a response within a few days."  Roberts Decl. ¶ 6.

On January 7, 2019, Plaintiff's counsel received an email from Defendants' counsel (the attorney to whom Plaintiff's counsel previously provided a copy of the Summons and Complaint on December 5, 2018) saying that Defendants had retained him to represent them in the present matter. Roberts Decl. ¶ 7.

On January 8, 2019 Plaintiff's counsel spoke with Defendants' counsel by phone and reiterated the offer of the 30-day extension previously made to Mr. Goldstein.  Later that day, the Court issued its Order to Show Cause.  Plaintiff's counsel contacted Defendants' counsel and stressed the importance of a prompt response to the Order to Show Cause.  Roberts Decl. ¶ 8.

On January 11, 2019, the parties entered into a Stipulation to extend the time for Defendants to respond to the Complaint by 30 days, which would make Defendants' response to the Complaint due on or before January 16, 2019.  Roberts Decl. ¶ 9.

---

communications with Defendants' attorney.  Roberts Decl. ¶ 8.  In any event, Defendants did not rely on this date and did not file a response to the Complaint by December 18, 2018.

In sum, the Trust has been active and diligent in pursuing the matter and in seeking to move it forward.  After Defendants failed to respond to the Complaint on December 17, 2018, the Trust did not promptly move to act on that failure for no other reason than to accommodate Defendants' request for more time to find counsel.

## Conclusion

For the reasons stated above, the Court should not dismiss the matter for lack of prosecution.

Respectfully,

Dated: January 14, 2019

DENTONS US LLP
By: */s/ Ahmed ("Andy") R. Jinnah*
Samuel R. Maizel
Tania M. Moyron
Ahmed ("Andy") R. Jinnah

SOLOMON & CRAMER LLP
By: */s/ Andrew T. Solomon*
Andrew T. Solomon (*admitted pro hac vice*)

Attorneys for Plaintiff Matthew Pliskin, as Trustee for the ICPW Nevada Trust