SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
AHMED ("ANDY") R. JINNAH (Bar No. 297907)
andy.jinnah@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California. 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9224

ANDREW T. SOLOMON (*admitted pro hac vice*)
asolomon@solomoncramer.com
SOLOMON & CRAMER LLP
1441 Broadway, Suite 6026
New York, New York 10018
Telephone: (212) 884-9102
Facsimile: (516) 368-3896

Attorneys for Plaintiff Matthew Pliskin,
as Trustee of the ICPW Nevada Trust

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

| | |
|---|---|
| MATTHEW PLISKIN, AS TRUSTEE OF THE ICPW NEVADA TRUST<br><br>Plaintiff,<br><br>-against-<br><br>ROBERT GOLDSTEIN and DRG STRATEGIC, LLC d/b/a/ MERIDIAN GLOBAL,<br><br>Defendants. | Case. No.: 2:18-cv-09491-FMO(ASx)<br><br>**DECLARATION OF NATHAN B. ROBERTS IN SUPPORT OF PLAINTIFF'S RESPONSE TO (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL RE: LACK OF PROSECUTION** |

I, Nathan B. Roberts, declare as follows:

1. I am an attorney with the law firm of Solomon & Cramer LLP, counsel for Plaintiff Matthew Pliskin, as Trustee of the ICPW Nevada Trust, in the above-titled case.

2.      I have personal knowledge of the following facts, and, if called as a witness, I could and would competently testify thereto.

3.      On December 5, 2018, I emailed courtesy copies of the Summons and Complaint to Bernie E. Hauder, Esq., an attorney with the law firm of Adkerson Hauder & Bezney, P.C. and the last known attorney of record for Defendants Robert Goldstein and DRG Strategic, LLC.  Mr. Hauder replied by email, stating that he did not at that time represent either Mr. Goldstein or DRG Strategic, LLC.

4.      On December 6, 2018, I emailed courtesy copies of the Summons and Complaint to Defendant Robert Goldstein at bgoldstein@m3-global.com, Mr. Goldstein's last known email address.  I requested that if Defendants were represented that any further correspondence come from counsel.

5.      On December 15, 2018, I received an email from Defendant Robert Goldstein at bgoldstein@m3-global.com. Mr. Goldstein told me that he had the Summons and Complaint "in hand" after returning from an overseas business trip, but that he had not retained counsel and that he needed more time.  I told Mr. Goldstein by email that his response to the Complaint was due on December 18, 2018, but that the Trust would agree to stipulate to a 30-day extension if he would agree not to contest service of process.  Mr. Goldstein told me by email that he would reply after he had retained counsel.

6.      On December 20, 2018, I followed up with Defendant Robert Goldstein by email to ask if he had retained counsel. I told Mr. Goldstein that the Trust remained willing to grant the Defendants a reasonable extension of time, but that "it is necessary that we promptly come to an agreement in writing that can be filed with the Court." Mr. Goldstein replied by email and told me that the Trust had already granted him an extension, which was not correct.  Mr. Goldstein also told me that "you will hear from someone representing me soon, barring unforeseen circumstances." I wrote back to Mr. Goldstein by email to make it clear that the parties had not yet reached an agreement regarding any extension, which "should be committed to a formal stipulation and filed with the Court, so the Court knows what is going on." I also asked Mr. Goldstein when he believed

he would have an attorney.  Mr. Goldstein replied by email that he had already met with an attorney to discuss the matter and "to expect a response within a few days."

7. On January 7, 2019, I received an email from Bernie E. Hauder, Esq. (the attorney to whom I previously provided a copy of the Summons and Complaint on December 5, 2018), who told me that Defendants had retained him to represent them in the present matter.

8. On January 8, 2019, I spoke with Mr. Hauder by phone and reiterated the offer of the 30-day extension previously made to Mr. Goldstein.  I also corrected my previous mistake in stating that the due date to respond the Complaint was December 18, 2018, and told Mr. Hauder that the correct date was December 17, 2018.  Later that day, the Court issued its (In Chambers) *Order to Show Cause Re: Dismissal Re; Lack of Prosecution*, ECF No. 12.  I contacted Mr. Hauder by email and stressed the importance of a prompt response to the Order to Show Cause.

9. On January 11, 2019, the parties entered into a Stipulation to extend the time for Defendants to respond to Plaintiff's Complaint by 30 days.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: January 14, 2019          By:_____
                                    Nathan B. Roberts