**LTL ATTORNEYS LLP**
Joe Tuffaha (CA Bar No. 253723)
 joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (CA Bar No. 284022)
 prashanth.chennakesavan@ltlattorneys.com
300 South Grand Avenue, 14th Floor
Los Angeles, CA 90071
Tel: (213) 612-8900
Fax: (213) 612-3773

Attorneys for Defendants
Robert Goldstein and DRG Strategic, LLC
d/b/a Meridian Global

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW PLISKIN, AS TRUSTEE OF THE ICPW NEVADA TRUST,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT GOLDSTEIN and DRG STRATEGIC, LLC d/b/a MERIDIAN GLOBAL,<br><br>Defendants. | CASE NO.: 2:18-cv-09491 FMO (ASx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:     February 14, 2019<br>Time:    10:00 a.m.<br>Place:    Courtroom 6D<br>Judge:   Hon. Fernando M. Olguin |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Opposition to Defendants Robert Goldstein ("Goldstein") and DRG Strategic, LLC, d/b/a Meridian Global ("DRG") (collectively "Defendants") Motion to Dismiss only underscores the defects in Plaintiff's Complaint in establishing that Defendants possessed the requisite minimum contacts with the State of California. Plaintiff's claims against Defendants are for "aiding and abetting breach of fiduciary duty" and "unjust enrichment." Nowhere in his Opposition does Plaintiff dispute that the communications leading up to, and the finalization of, the ultimate agreement between Defendants and Ironclad—the conduct forming the basis of these claims—took place solely in the State of Texas. Instead, Plaintiff tries to connect Defendants to California by focusing on the relabeling of the gloves in a warehouse in Los Angeles. Plaintiff misses the point. The action of relabeling the gloves has no bearing on his purported claims, and there is no allegation by Plaintiff that Ironclad's injuries were in any way caused by the relabeling in California. Because the entirety of the negotiations and formation of the agreement that form the basis of this action took place solely in the State of Texas, the Court should dismiss these claims with prejudice for lack of specific jurisdiction.

## II. ARGUMENT

### A. The Conduct Forming the Basis of the Action Occurred Solely in the State of Texas

Plaintiff's causes of action for "aiding and abetting breach of fiduciary duty" and "unjust enrichment" center around an agreement whereby Plaintiff alleges Defendants agreed to act "as the counterparty in several phony round-trip transactions." *See* Plaintiff's Opp'n at p. 6. It is this agreement to engage in a series of allegedly fraudulent transactions that form the basis of Plaintiff's claims. Notably, the facts show that the conduct leading to the formation of this agreement took place exclusively in the State of Texas.

First, all conversations, whether in person, email, telephone, or in writing took place in Texas. *See* Declaration of Robert Goldstein ("Goldstein Decl.") at ¶ 4. This includes all negotiations and business dealings between Defendants and Ironclad. *Id.* Additionally, the actual agreement entered into between Defendants and Ironclad took place in Texas. *Id.* at ¶¶ 5, 10. Finally, following the execution of the agreement, Defendants sent all invoices to Ironclad in Texas, and all payments were made by Ironclad in Texas. *Id.* It is exclusively this conduct that forms the basis of Plaintiff's claims for "aiding and abetting breach of fiduciary duty" and "unjust enrichment," and it is clear that this conduct occurred exclusively in Texas. Nowhere in his Opposition does Plaintiff dispute that the conduct described here took place anywhere other than in Texas. As such, Plaintiff cannot show a substantial connection between Defendants and the State of California regarding the formation of this allegedly fraudulent scheme. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Of note, in the Declaration of Matthew Pliskin ("Pliskin Decl.") submitted in support of his Opposition to Defendants' Motion to Dismiss, Plaintiff states that approximately 37% of the total shares of Ironclad were held by known residents of California. Pliskin Decl. at ¶ 3. However, Plaintiff provides no case law in support of his implicit suggestion that the residency of Ironclad's shareholders in some way establishes minimum contacts between Defendants and the State of California. Such an argument is nonsensical.

**B.   The Conduct Forming the Basis of Plaintiff's Claims Does Not Involve the Relabeling of the Gloves**

The only contacts Defendants are alleged to have had with the State of California involve the relabeling of gloves after Defendants would purchase them from Ironclad. In an attempt to establish this contact, Plaintiff attaches to his Declaration copies of invoices from Ironclad to Defendants, addressed to their warehouse in Los Angeles County, and tracking orders/purchase orders showing the location of the inventory at that warehouse. Pliskin Decl. at ¶¶ 4-6. Defendants do not dispute that relabeling took

place in California, but what Plaintiff fails to dispute in his Opposition or Declaration is that this contact in itself does not establish sufficient "minimum contacts" with California for the purposes of Plaintiff proving that Defendants entered into a fraudulent scheme—the basis of his Complaint.  The act of relabeling the gloves has no bearing on the alleged fraudulent conduct supporting Plaintiff's claims for "aiding and abetting breach of fiduciary duty" and "unjust enrichment."  Plaintiff makes no allegation either in his Complaint, Opposition, or supporting Declaration that the gloves were improperly labeled, or that Defendants' relabeling of the gloves in California caused Ironclad any injury.  In fact, Defendants properly relabeled the gloves, Defendants were fully paid for the relabeling, the gloves were sold back to Ironclad after Defendants were unable to sell them abroad, and Ironclad eventually resold the gloves with the new labels.  Goldstein Decl. at ¶ 9.

Additionally, the location of where the gloves were relabeled is irrelevant to Plaintiff's task of trying to establish that Defendants entered into a fraudulent scheme.  The conduct at issue is the facts leading up to the agreement and the agreement itself, not the manufacturing of the labels.  The gloves could have been relabeled anywhere—in California, Texas, or Canada—and it would not affect Plaintiff's claims or what he is required to prove in either of his two causes of action.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its Motion and dismiss Plaintiff's Complaint with prejudice.

DATED: January 31, 2019                LTL ATTORNEYS LLP

By:   */s/ Joe H. Tuffaha*

Joe H. Tuffaha
Prashanth Chennakesavan
300 S. Grand Ave., 14th Floor
Los Angeles, California 90071
Telephone: 213-612-8900
Facsimile: 213-612-3773

|   |   |
|---|---|
| 1 | Bernie E. Hauder |
| 2 | (*pro hac vice admission pending*) |
| 3 | Attorneys for Defendants |
| 4 | Robert Goldstein and DRG Strategic, LLC d/b/a Meridian |
| 5 | Globa |